Honorable G. Dwayne Pruitt Terry County Attorney Terry County Courthouse Brownfield, Texas 79316
Re: Whether sheriffs or constables are entitled to fees for unsuccessful attempts at service of civil process (RQ-1660)
Dear Mr. Pruitt:
You ask whether sheriffs and constables are entitled to charge a fee for unsuccessful attempts at service of process. The resolution of your question turns on the authority of the commissioners court to set such a fee under section 118.131 of the Local Government Code.
In Attorney General Opinion JM-880 (1988) relevant provisions of section 118.131 and the history of these provisions were succinctly set forth, as follows:
 In 1981, the legislature enacted article 3926a, V.T.C.S. (since codified as section 118.131 of the Local Government Code), reading:
 (a) The commissioners court of each county may set reasonable fees to be charged for services by the offices of sheriffs and constables.
 (b) A commissioners court may not set fees higher than is necessary to pay the expenses of providing the services.
Acts 1981, 67th Leg., ch. 379, § 1, at 1001.
Subsection 2(a) of the bill that enacted article 3926a contained the following provision: `Fees provided for sheriffs and constables in other laws in conflict with this Act are repealed to the extent they conflict with this Act.' Id. at § 2. But the bill also stated, in section 3(b):
 Until a commissioners court prescribes different fees pursuant to Article 3926a, Revised Civil Statutes of Texas, 1925, the fees charged by a sheriff or constable are those provided by the law in effect on August 31, 1981. Fees charged by a sheriff or constable for services performed before the effective date of this Act are governed by the law in effect at the time the services were performed.
Attorney General Opinion JM-880 (1988), at 1-2.
In Attorney General Opinion JM-880 it was concluded that the commissioners courts may not set fees for the execution of criminal warrants by a sheriff or constable and that the general repealer of conflicting statutes found in the bill that enacted former article 3926a was not applicable in criminal cases.[1]
Focusing on the narrower issue of whether the commissioners court may set a fee for unsuccessful attempts to serve civil process, you call attention to Attorney General Opinion H-756 (1975) stating that a sheriff is not entitled to a fee for an unsuccessful attempt to serve process under former article 3933a, V.T.C.S. Article 3933a was repealed by article 3926a, effective September 1, 1981. Acts 1981, 67th Leg., ch. 379, § 2(b), at 1001.
In Attorney General Opinion JM-193 (1984) it was concluded that commissioners courts may set fees for services performed by sheriffs and constables in accordance with article 3926a, even though no fee for the service was authorized prior to September 1, 1981.
In Attorney General Opinion JM-51 (1983) it was noted that prior to the repeal of article 3933a, sheriffs and constables were not entitled to receive fees from the Industrial Accident Board for serving subpoenas issued by the board. However, it was concluded that under article 3926a (now section 118.131) a charge for serving such subpoenas was appropriate, provided the charge was authorized by the commissioners court.
We do not believe that Rule 17 of the Texas Rules of Civil Procedure prohibits a commissioners court from authorizing a fee for an unsuccessful attempt to serve civil process by a sheriff or constable. Rule 17 provides:
 Except where otherwise expressly provided by law or these rules, the officer receiving any process to be executed shall not be entitled in any case to demand his fee for executing the same in advance of such execution, but his fee shall be taxed and collected as other costs in the case.
The source for Rule 17 was article 3911, V.T.C.S., repealed, Acts 1939, 46th Leg., ch. 25, § 1, at 201, and codified as Rule 17. Prior to the repeal of article 3933a disallowing a fee until service is performed and return made, Attorney General Opinion H-756 (1975) construed Rule 17 as prohibiting a county or district clerk from collecting as court costs a fee for service of process prior to the actual service and return of process. Section 2(a) of the bill that enacted article 3926a (now section 118.131) contained the following provision.
 Fees provided for sheriffs and constables in other laws in conflict with the provisions of this act are repealed to the extent they are in conflict with this act.
Acts 1981, 67th Leg., ch. 379, § 2(a), at 1001.
No reason is perceived why a commissioners court may not set reasonable fees for services performed by sheriffs and constables in unsuccessful attempts at service of civil process under the authority granted the commissioners court to set reasonable fees for services by such officers. However, until a commissioners court sets a fee pursuant to section 118.131, a sheriff or constable is not entitled to any fee for an unsuccessful attempt to serve process.
 SUMMARY
Commissioners courts may set reasonable fees for services performed by sheriffs and constables in unsuccessful attempts to serve civil process.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General
[1] The opinion reasoned that an attempt to set fees in misdemeanor cases was unconstitutional in that "[a] law allowing different costs to be assessed in different counties for the same penal offense would have the affect of allowing the penalty for state-defined crimes to vary from county to county and would violate both `due process' and `equal protection' constitutional rights." It was stated that while the same reasoning would apply to felony cases, it was unnecessary to utilize such analysis since the provisions of the Code of Criminal Procedure governing fees in felony cases were repealed by the 69th Legislature in 1985. Acts 1985, 69th Leg., ch. 269, at 1300, 1307. It was concluded that the application of section 118.131 to civil cases was unaffected.